**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD G.S. AU, | No. 13-15328 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00541-SOM-KSC |
| v. | |
| THE FUNDING GROUP, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Ronald G.S. Au, an attorney, appeals pro se from the district court's

judgment dismissing his action alleging federal and state law violations in

connection with the assignment of a mortgage. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion the denial of a motion for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

leave to amend, *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion by denying Au's motions for leave to amend because Au's first proposed amended complaint did not allege facts sufficient to state any cognizable claims for relief, and Au's second proposed amended complaint violated the court's order restricting him from adding new theories of liability against existing defendants. *See Cafasso*, *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (district court does not abuse its discretion where proposed amendments violate court's order limiting scope of complaint); *Hinton*, 5 F.3d at 397 (a court may refuse to grant leave to amend when, even if amendments were allowed, the complaint would be subject to dismissal); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)). We reject Au's contention that the district court abused its discretion by only giving him restricted leave to file a motion to amend.

The district court did not abuse its discretion by denying Au's motion to reconsider the denial of his second motion for leave to amend because Au failed to show that newly-discovered evidence warranted reconsideration. *See Caliber One*

13-15328

*Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1082, 1085 (9th Cir. 2007) (setting forth standard of review and noting that a party must show that it could not with reasonable diligence have discovered and produced the evidence earlier). Denial of the alternative relief of leave to allow Au to file an amended complaint was not an abuse of discretion. *See Hinton*, 5 F.3d at 395 (setting forth factors that district court may consider in deciding whether to grant motion for leave to amend).

The district court did not abuse its discretion by granting Option One's motion for attorney's fees because Au's action was in the nature of assumpsit. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (setting forth abuse of discretion standard of review for award of attorney's fees made under state law, and de novo standard of review for district court's interpretation and application of relevant state statute); *id.* at 883-84 (Hawai'i state law provides for attorney's fees to the prevailing party in actions in the nature of assumpsit, which includes all possible contract claims); *Hong v. Kong*, 683 P.2d 833, 841 (Haw. Ct. App. 1984) (an action for rescission of an agreement and for restitution of monies paid on account of the agreement is in the nature of assumpsit).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

(per curiam).

Au's request for costs, set forth in his opening and reply briefs, is denied.

Option One's request to strike, set forth in its answering brief, is denied.

**AFFIRMED.**